UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION 25-CR-00004-DCR

UNITED STATES OF AMERICA                                 PLAINTIFF,

V.                      **SENTENCING MEMORANDUM**

RANDY KEATHLEY                                            DEFENDANT.

\* \* \* \* \* \* \* \* \*

The Defendant, Randy Keathley, is before this Honorable Court after entering a plea of guilty in the present case. He comes before the Court for final sentencing on August 7, 2025. Subject to the following, the Defendant respectfully requests a sentence below the mandatory minimum.[1]

## I.    FACTUAL & PROCEDURAL BACKGROUND

On April 23, 2025, the Defendant entered a plea of guilty to Count One of the indictment, charging a violation of 18 U.S.C. § 841, possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl. for conspiracy to commit animal fighting. [R. 21, *Plea Agreement*].  Based on the

---

[1] The undersigned was out of the office for significant portions of the last week, including multiple days in the Frankfort Division and attending funeral services.  The undersigned apologizes for the tardiness of this memorandum, and respectfully requests the Court's consideration of the same.

quantities involved, the Defendant is currently subject to a mandatory minimum of five (5) years.  [R. 1, *Indictment*, PageID# 3].

## II.  UNRESOLVED OBJECTIONS

The primary unresolved objection relates to the two-level enhancement for possession of a dangerous weapon contained within paragraph 15 of the PSR. The Defendant objected to the inclusion of this enhancement, and the United States Probation Office prepared an addendum indicating that they believe it was appropriately applied.  The United States has also filed a sentencing memorandum supporting the application of the enhancement.  [R. 26, *United States Sentencing Memorandum*].

As an initial matter, the Defendant admits that firearms were located within the residence, and admitted the same as a part of his plea agreement herein. [R. 21, *Plea Agreement*, PageID# 3].  The question is whether the firearms located in the residence were possessed in connection with the instant offense. *See* U.S.S.G § 2D1.1(b)(1). The Defendant agrees with the United States' analysis insofar as the plea agreement itself establishes that the Defendant possessed the firearms. The Defendant also admits that the Defendant's possession of the firearm occurred within the temporal timeframe of the conduct for which the Defendant entered a plea of guilty.

2

The Defendant denies, however, that the firearms were possessed in connection with the offense of conviction. The discovery in this matter reflects that law enforcement did not locate the firearms during their initial encounter with the Defendant, and that he did not have the same on his person. Two firearms were located within a locked safe; while small ziplock bags were located in the safe, photos taken during the search indicate that these baggies were being used to hold bullets or other items.

The United States correctly notes that the Sixth Circuit has provided multiple factors to be analyzed in cases such as this. *See* <u>United States v. Greeno</u>, 679 F.3d 510, 514 (6th Cir. 2012). An analysis of these factors weighs against a finding that the Defendant had the firearms in connection with the present offense. While this case is not as clear-cut as the Sentencing Commission's oft-cited example of "an unloaded hunting rifle in the closet," the fact that the Defendant was not seen with the firearms, and was not seen engaged in drug-trafficking activity from the home, weigh strongly in his favor. It should also be noted that the Defendant is a military veteran, who has had lifetime involvement with firearms. There is no evidence that these were being used to protect or further drug trafficking activity in any way. The Defendant should not be penalized with a two-point enhancement, and should be eligible for safety-valve relief.

### III.    ANALYSIS OF 18 U.S.C. § 3553 FACTORS

The Defendant was assigned one criminal history point for a DUI that occurred in 2014.  The Defendant is also, as the PSR is currently written, subject to an enhancement for possession of a firearm in connection with the offense.  The Defendant is very close to receiving significant relief under the Sentencing Guidelines (per the PSR, a range of 30-37 months), but the firearm and single criminal history at this stage require a sentence of 60 months.

An analysis of several factors set forth in 18 U.S.C. § 3553 reflects that a sentence at or below the low level of the Guidelines (or 60 months, should the Defendant's objections be overruled) is "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. 18 U.S.C. § 3553(a).

#### (1)    Nature and Circumstances of the Offense

The Defendant has accepted responsibility as to his involvement in the underlying events as described within the plea agreement.

#### (2)    History and Characteristics of the Defendant

The Defendant has a background the reflects the current situation to be a major anomaly in his life.  The Defendant has an excellent work history, good education, and military experience.  Unfortunately, the Defendant allowed himself to fall into drug addiction, and a horrible cycle of decision making surrounding the deterioration of his long-time marriage.

4

### (3)      Need to Protect the Public

The United States Sentencing Commission notes that only 19.9% of criminal history category I offenders are reconvicted for a new crime after being released into the community on probation or after completing supervised release.  U.S. Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview* (March 2016).  The same report indicates that the Defendant's age (57) is a factor weighing in his favor, as only 21.7 of offenders who are ages 51-60 at the time of sentencing are rearrested. *Id.* The same can be said about his level of education, as college graduates have only a 19.1% rearrest rate. *Id.*

The Defendant's background, age and education in support all strongly indicate that the need to protect the public should not be a factor weighing in favor of a harsh punishment in this case.

### (4)      Promote Respect for Law/Deterrence

The Defendant's background shows some alcohol problems that caused a few run-ins with law enforcement beginning in 2013. The past two years reflect that the Defendant's life had taken a downward spiral. The Defendant's past, however, is indicative of an individual who does not require additional deterrence, and who has been able to comply with the law.

## IV.  CONCLUSION

The Defendant, Randy Keathley, submits that a sentence at or below the low end of the guideline range will be sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553.

This the 4th day of August, 2025.

/s/ Noah R. Friend
Noah R. Friend Law Firm, PLLC
P.O. Box 310
London, KY 40741
606-369-7030 [Phone]
502-716-6158 [Fax]
noah@friendlawfirm.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2025, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all counsel of record herein.

/s/ Noah R. Friend
Noah R. Friend